FILED 12/16/2024 1:23 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CATHEA M. SIMELTON-TREMINIO, Individually and as Next Friend to Her Daughter Carmen Simelton-Treminio, a Minor Child,<br><br>Plaintiffs,<br><br>v.<br><br>DEKALB COUNTY SCHOOL DISTRICT, BETH KYLE, in her Official and Personal Capacity, and TONYA FREEMAN, in her Official and Personal Capacity,<br><br>Defendants. | Civil Action File No.: 24CV9964 |

## AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS

COMES NOW Plaintiff Cathea M. Simelton-Treminio, Individually and as Next Friend to Her Daughter, Carmen Simelton-Treminio, a Minor Child, and brings this lawsuit seeking injunctive relief and bringing claims under 42 U.S.C. §1983 and §1981 alleging race discrimination and retaliation. Plaintiff also asserts claims for race discrimination in violation of the Equal Protection Clause of the Constitution of the United States, asserted via 42 U.S.C. § 1983. Plaintiffs in the above-style matter shows the court as follows:

1.

Cathea M. Simelton-Treminio is the biological mother of Carmen Simelton-Treminio, a first- grade student at Ashford Park Elementary School in Dekalb County, Georgia.

2.

Both Cathea M. Simelton-Treminio and Carmen Simelton-Treminio are African American and residents of DeKalb County, Georgia.

3.

Ashford Park Elementary School ("Ashford Park") is located in DeKalb County, Georgia and is a school supervised and managed by the DeKalb County School District. The DeKalb County School District can be served with summons and Complaint by serving the Superintendent, Devon Horton, at 1701 Mountain Industrial Boulevard, Stone Mountain, Georgia 30083.

4.

Beth Kyle is Area Superintendent for Elementary Schools for DeKalb County and can be served with summons and Complaint at 1701 Mountain Industrial Boulevard, Stone Mountain, Georgia 30083.

5.

Tonya Freeman is Principal for Ashford Park Elementary School and can be served with summons and Complaint at Ashford Park Elementary School at 2968 Cravenridge Drive, Atlanta, Georgia 30319.

6.

On or about September 2023, a male student named Miller at Ashford Park kicked Plaintiff's daughter and intentionally stomped on her hand. The male student then told Plaintiff's daughter that he "... hated" her. The Plaintiff notified the school and the school district that her daughter had been bullied by this classmate while at school.

7.

On or about November 2023, another male student named Jenning hit Plaintiff's daughter and told her he "hated" her in Ms. Miltner's class. The Plaintiff notified the Defendants of this abuse.

8.

On or about December 2023, a designer keychain was stolen from Plaintiff's daughter's bookbag. A student reported witnessing a student take the item out of Plaintiff's daughter's bookbag, and this student was later physically attacked by Miller. Plaintiff notified Defendant about this incident.

9.

On or about January 2024, Miller called Plaintiff's daughter the "N"-Word. This incident was witnessed and reported by other students who student Miller later also physically attacked. Three students also attacked Plaintiff's daughter, dragging her by her hair, breaking her jewelry, and scratching her face as they yelled: "ATTACK, ATTACK, ATTACK!"

10.

On or about February 2024, Jennings threw a desk at Plaintiff's daughter. The teacher accused Plaintiff's daughter of "overreacting" to the incident, and Plaintiff's daughter received a behavioral demerit for moving out of her seat to avoid the violent encounter with Jennings.

11.

Plaintiff's daughter is threatened by imminent harm, and the school administration has completely failed to protect Plaintiff's daughter or inform the Plaintiff of measures taken to protect her daughter while at school.

12.

On August 16, 2024, Blair Huckeba, Plaintiff's daughter's homeroom parent, approached Plaintiff in a threatening, verbally abusive and harassing manner. Blair Huckeba, without invite, questioned Plaintiff as to why she was "staring at her", asked the Plaintiff "what was her "F-ing problem" and insisted the Plaintiff did not want an "F-ing problem" with her. The Plaintiff's summary of events was supported by an School Resource Officer ("SRO") report with the District.

13.

During the 2023-2024 school year, Plaintiff received several anonymous threatening emails suggesting that she should move out of the community, leave the neighborhood, remove her daughter from the school and the program completely.

14.

Plaintiff notified Defendants about these threats and was warned to remove her daughter from the school. Following this notification, Plaintiff went to the school to check on her daughter and asked to meet with the Principal. While waiting to meet with the Principal, she was informed by a SRO that he had been called to escort her off the premises because she had been issued a no-trespass warrant and should not return to the school.

15.

On or about August 19, 2024, the Plaintiff requested a safety plan to protect her daughter during her time at school. Plaintiff was promised a safety plan on a certain date, and when she did not receive it, she visited the school to inquire about it. The Plaintiff was advised the Principal would see her shortly. As Plaintiff waited to see the Principal about the safety plan, a SRO approached her and informed Plaintiff that he received information that Plaintiff had been asked

4

to leave the premises, and because she allegedly refused to leave the premises, the school issued a no-trespass warrant.

16.

The Plaintiff has been barred from the school since August 21, 2024, and cannot observe her daughter in the classroom, communicate with her daughter's teachers, staff and administrators nor be present when necessary to protect her child from bullying.

17.

Plaintiff is prohibited from visiting the school to observe her daughter in the classroom as other parents are allowed to do. Plaintiff has no idea what safety precautions the school is taking, if any, to ensure her daughter's safety during the school day.

## COUNT I
## INJUNCTIVE RELIEF

18.

Plaintiffs incorporate paragraphs 1-17 of this Amended Complaint by reference as if they were fully set forth herein.

19.

In denying Plaintiff access to the school premises, Defendant is denying Plaintiff access to her own child and the opportunity to protect her child from further bullying, abuse and racial harassment.

20.

In denying Plaintiff access to the school premises, Plaintiff is being treated differently from white parents.

21.

In denying Plaintiff access to her child, Defendants are subjecting Plaintiff and her child to irreparable harm in that the child is at risk for further harassment and abuse and her mother is denied her rights as a parent to protect and supervise her child in the school.

## COUNT II
## RACE DISCRIMINATION UNDER 42 U.S.C. § 1981 AS EFFECTUATED BY 42 U.S.C. §1983
*Against All Defendants*

22.

Plaintiffs incorporate paragraphs 1-17 of this Amended Complaint by reference as if they were fully set forth herein.

23.

Plaintiff and her daughter have contractual rights to attend Ashford Park.

24.

Plaintiff and her child have performed their contractual obligations by the child's attendance in her appropriate school district.

25.

42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiffs on the basis of race with regard to the making and enforcing of their education-based obligations.

26.

Defendants violated Plaintiffs' rights under 42 U.S.C. § 1981 on the basis of their race by, *inter alia*, (1) allowing Carmen Simelton-Treminio to repeatedly be subjected to racially motivated violence, (2) creating barriers to education based on Plaintiff's race to which white similarly situated students and parents were not subjected; (3) prohibiting Carmen's mother from access at the school so she can protect her from race based violence.

27.

Plaintiffs' race was a but-for factor in Defendants' decision(s) to subject them to discrimination on the basis of their race as pled above.

28.

As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiffs have suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

29.

Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiffs and taken under color of state law.

30.

Defendants' actions were reckless and were taken in willful disregard of the probable consequences of their actions.

31.

Pursuant to 42 U.S.C. § 1981, Plaintiffs are entitled to damages in an amount to be determined by the trier of fact, including compensatory damages, punitive damages, and pursuant to 42 U.S.C. § 1988, attorneys' fees and costs of litigation, as well as all other relief recoverable under § 1981.

## COUNT III
## RETALIATION UNDER 42 U.S.C. § 1981 AS EFFECTUATED BY 42 U.S.C. §1983
### *Against All Defendants*

32.

Plaintiffs incorporate paragraphs 1-17 of this Amended Complaint by reference as if they were fully set forth herein.

33.

42 U.S.C. § 1981 prohibits Defendants from retaliating against Plaintiff Cathea M. Simelton-Treminio because she opposed, objected to, and complained against race discrimination prohibited by 42 U.S.C. § 1981

34.

Plaintiff Cathea M. Simelton-Treminio engaged in statutorily protected activity by objecting to and complaining against race discrimination prohibited by 42 U.S.C. § 1981 by, *inter alia*, (1) verbally opposing racially motivated bullying of her daughter.

35.

Defendants subjected Plaintiff to retaliation because she opposed, objected to, and complained against illegal race discrimination by banning her from school premises.

36.

Defendants' above-pled retaliatory conduct toward Plaintiff constitutes unlawful retaliation against Plaintiff in violation of 42 U.S.C. § 1981 via § 1983.

37.

As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income, humiliation, and other indignities.

38.

Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiff.

39.

Defendants' actions were reckless and were taken in willful disregard of the probable consequences of their actions.

40.

Plaintiff Cathea M. Simelton-Treminio is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages and punitive damages. Pursuant to 42 U.S.C. §1988 Plaintiff is entitled to recover attorneys' fees and costs of litigation.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION OF THE
## EQUAL PROTECTION CLAUSE OF THE CONSTITUTION
*Asserted via 42 U.S.C. § 1983*
*Against All Defendants*

41.

Plaintiffs incorporate paragraphs 1-17 of this Amended Complaint by reference as if they were fully set forth herein.

42.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiffs to equal protection under the laws, including equal protection with respect to race.

43.

The Equal Protection Clause of the Fourteenth Amendment provides a constitutional right to be free from unlawful race discrimination in public education.

44.

Defendants Beth Kyle, and Tonya Freeman, violated Plaintiffs' rights to equal protection by, *inter alia*, subjecting Plaintiff Carmen Simelton-Treminio to a racially harassing environment because of her race and subjected her to race discrimination and racially motivated assault and battery.

45.

Defendants' conduct was a custom, usage or practice of Defendant DeKalb County School District, promulgated by Defendants Beth Kyle, and Tonya Freeman. At all times relevant to this action, Defendants Beth Kyle, and Tonya Freeman were policymakers for Defendant DeKalb County School District.

46.

Defendant DeKalb County School District violated Plaintiff's rights to equal protection by failing to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct even though it knew or should have known of the racial harassment of Carmen Simelton-Treminio.

47.

Defendants' conduct constitutes unlawful racial harassment and discrimination, in violation of the Equal Protection Clause.

48.

Defendants undertook all the unlawful conduct giving rise to Plaintiff's claims while acting under color of State and local law, regulations, and customs or usages.

49.

Defendants Beth Kyle and Tonya Freeman, individually, violated clearly established law prohibiting racial harassment of a child in public education.

50.

Defendants Beth Kyle and Tonya Freeman undertook their unlawful conduct intentionally, recklessly and maliciously with respect to Plaintiffs and their federally protected rights, entitling them to recover compensatory and punitive damages against them, individually.

51.

In failing to take any corrective action despite their actual or constructive of unlawful racial harassment, Defendant DeKalb County School District ratified Defendants Beth Kyle and Tonya Freeman's conduct, and exhibited deliberate indifference to Plaintiffs' equal protection rights.

52.

Defendant Beth Kyle, a final policymaker for Defendant DeKalb County School District, violated clearly established law prohibiting race discrimination in public education when she, *inter alia*, permitted race discrimination and racial harassment.

53.

Defendant DeKalb County School District's actions were willful, wanton, and intentionally directed to harm Plaintiff.

54.

Defendant DeKalb County School District's actions were reckless and were taken in willful disregard of the probable consequences of its actions.

55.

As a direct and proximate result of Defendants' violations of the Equal Protection Clause, Plaintiffs have suffered damages including emotional distress, inconvenience, loss of a safe educational environment, humiliation, and other indignities.

**WHEREFORE** Plaintiffs pray for the following:

a) That the court issue a rule nisi requiring the Defendants to show cause why an injunction as prayed should not be granted;

b) That the court issue an injunction enjoining Defendants from enforcing the no-trespass warning against Plaintiff Cathea M. Simelton-Treminio solely to observe her child at the

school and during school events to protect her child as the Plaintiff has volunteered at the school on more than fifty occasions complies with all school policies and procedures regarding visitors;

c) Upon the final hearing in this case, said injunction should be made permanent;

d) That Plaintiffs recover compensatory damages for the emotional distress they have experienced as the result of race discrimination;

e) That Plaintiffs recover punitive damages against the individual Defendants; and

f) That Plaintiffs recover their attorneys fees and costs pursuant to 42 U.S.C. §1988.

Respectfully submitted this 16th day of December, 2024.

/s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com
BUCKLEY BALA WILSON MEW LLP
600 Peachtree Street NE, Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Fax: (404) 781-1101

*Counsel for Plaintiffs*

12